UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE HOWLAND,

    Plaintiff,

v.                                          Case No. 8:05-CV-2190-T-24MSS

THE HERTZ CORPORATION,
ENNY TIN SURYANTI, and
BANK INDONESIA

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Bank Indonesia's Motion to Dismiss the Complaint (Doc. No. 8). Plaintiff filed a Response in opposition thereto (Doc. No. 12). Defendant replied with leave of Court (Doc. No. 16).

**I.    Background**

Ms. Tin Suryanti and Ms. Zainah traveled to Tampa, Florida in August of 2002 to attend an educational auditing course on behalf of the internal audit department of their employer Defendant Bank Indonesia. Bank Indonesia paid Mses. Tin Suryanti and Zainah a lump sum amount prior to their departure for business-related expenses, consisting of (1) a Daily Allowance, to cover hotel accommodations, meals, and necessities related to the employee's business, as well as transportation within the destination city overseas, (2) an Allowance for the Official Position Held for incidentals not covered by the Daily Allowance, (3) a Taxi Allowance for travel to and from the Tampa International Airport, and (4) Payment to Settle Domestic Costs, for travel to and from the airport in Indonesia and for fiscal and airport taxes in Indonesia.

The educational auditing course was held from 8:30 a.m. on Monday, August 19, 2002 to 1:00 p.m. on Wednesday, August 21, 2002 at the Hyatt Regency Tampa Hotel in downtown Tampa.  Mses. Tin Suryanti and Zainah chose to stay at the Travelodge Resort near Busch Gardens.  They arrived in Tampa on the morning of Sunday, August 18, 2002 and rented a vehicle from Defendant Hertz.  Ms. Zainah signed the rental contract on behalf of Ms. Tin Suryanti and paid for the rental on her credit card.  According to the rental contract, the car was to be returned the next day August, 19, 2002.

After leaving the airport on August 18, 2002, Ms. Tin Suryanti drove the couple to breakfast, then to explore the area and then to check into the hotel.  Later that day, they met Mr. Carmeen, a sailor who was also a guest at the Travelodge Resort.  That evening, Ms. Tin Suryanti and Ms. Zainah ate sandwiches for dinner in their room at the hotel before Mr. Carmeen drove the couple in the rental car to have their camera repaired.  Afterwards, Mses. Tin Suryanti and Zainah dropped Mr. Carmeen off at the hotel and continued to drive around downtown.  While searching for the way back to the Travelodge Resort at approximately 11:35 p.m., Ms. Tin Suryanti drove into an area that was under construction and ran into Plaintiff, who was working road repair detail.  After hitting the Plaintiff, Ms. Tin Suryanti proceeded to the Bush Boulevard exit without stopping.  She was apprehended, arrested, and charged with the felony Leaving the Scene of an Accident with Injury or Death, a violation of §316.027, Florida Statutes.  Plaintiff was airlifted to Tampa General Hospital.

Plaintiff, Dale Howland, filed a personal injury lawsuit on July 28, 2005, against Defendants, Ms. Tin Suryanti, Bank Indonesia, and the Hertz Corporation in the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida.  Bank Indonesia removed

this action to the Middle District of Florida on November 31, 2005.

In the Complaint, Plaintiff asserts claims for (1) vicarious liability against the Hertz Corporation; (2) vicarious liability against Bank Indonesia; and (3) negligence against Ms. Suryanti. (Doc. No. 2). Defendant Bank Indonesia now moves to dismiss the complaint pursuant to (1) Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-11; (2) Rule 12 (b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction under the FSIA; and (3) Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure. Plaintiff responds that notwithstanding the Court's basis of jurisdiction, Defendant's motion to dismiss is not ripe for a ruling by this Court because Plaintiff has not had the opportunity to conduct jurisdictional discovery on the immunity claim.

**II.     Discussion**

A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) comes in two forms: "facial attacks" and "factual attacks." See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "'Facial attacks' on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" Id. at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). However, "factual attacks" challenge "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. Unlike a motion under Rule 12(b)(6), "'no

3

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.'" Morrison v. Amway Corp., 323 F.3d 920, 924-925 (11th Cir. 2003)(quoting Lawrence, 919 F.2d at 1529). Defendant's motion to dismiss comes in the form of a factual attack, and Defendant has relied on matters outside the pleadings, such as depositions and company documentation.

Defendant argues that the Complaint against Bank Indonesia should be dismissed because Bank Indonesia is an instrumentality of the Republic of Indonesia and, as such, is presumptively immune from the jurisdiction of this Court under the FSIA. Defendant further argues that Bank Indonesia's immunity is not vitiated by the tort exception to the FSIA because Bank Indonesia's employee, Ms. Tin Suryanti, was outside the scope of her employment at the time of her accident with the Plaintiff. Lastly, Defendant argues that the suit should not go forward because Plaintiff has failed to properly join Ms. Tin Suryanti, the sole tortfeasor and an indispensable party to the action.

### A.     Immunity from Jurisdiction under the FSIA

Under the FSIA, a foreign state is immune from the jurisdiction of the courts of the United States unless a stated exception applies. 28 U.S.C. §§ 1330, 1605-07; Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 485 n.5 (1983). Section 1330(b) provides personal jurisdiction wherever subject matter jurisdiction exists under § 1330(a) and service of process has been made under § 1608. Id. There is no dispute that service of process was properly executed. Accordingly, personal jurisdiction will lie if this Court has subject matter jurisdiction. Therefore, this Court will now address whether Defendant qualifies as a "foreign state" under the

FSIA and whether a stated exception applies.

### 1. Qualification as a "Foreign State"

Defendant contends that it qualifies as an entity entitled to sovereign immunity under the FSIA. According to § 1603(a), a foreign state includes "an agency or instrumentality of a foreign state." An "agency or instrumentality of a foreign state" is "any entity"

>(1) which is a separate legal person, corporate or otherwise, and

>(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

>(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

The parties do not dispute that Defendant Bank of Indonesia is "an agency or instrumentality of a foreign state" as defined by the Act. It is a separate corporate entity that is wholly-owned by Indonesia and created under the laws of Indonesia. Furthermore, Defendant is the central bank of the Republic of Indonesia. The Supreme Court has routinely considered central banks of foreign sovereigns as "foreign states" covered by the Act. See Central Bank of Nigeria, 461 U.S. at 482; see also Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 611 n.1 (1992) (noting that it is undisputed that the central bank of Argentina qualifies as a "foreign state" within the meaning of the Act). Therefore, Defendant is a "foreign state" within the meaning of the FSIA.

### 2. Tort Exception to the FSIA

When one of the exceptions under §§ 1605-07 of the FSIA apply, a foreign state may be

subject to the jurisdiction of the court. 28 U.S.C. § 1330. Plaintiff argues that the "Non-Commercial Tort" or "Accident" provision of the FSIA is applicable to Defendant. This provision, § 1605(a)(5) states that a foreign state shall not be immune in any case:

> in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of personal property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment.

Plaintiff is seeking money damages against the Defendant, a foreign state, for personal injury that occurred within the United States. Thus, this exception is applicable as long as the injury was caused by an employee of the Defendant acting within the scope of her employment.

Defendant argues that Florida courts generally apply what has been dubbed the "distinct departure" or "traveling employee" rule to determine whether an act by a traveling employee on a business trip is within the scope of employment. N. & L. Auto Parts Co. v. Doman, 111 So.2d 270, 271 (Fla. 1st DCA 1959); Liberty Mut. Ins. Co. v. Electronic Sys., Inc., 813 F. Supp. 802, 805-10 (S.D. Fla. 1993); Eberhardy v. General Motors Corp., 404 F. Supp. 826, 830 (M.D. Fla. 1975);. This rule applies to employees, such as Ms. Tin Suryanti and Ms. Zainah, who are sent out of town on business and must spend their off-duty hours at a place of their employer's choosing. Liberty Mutual, 813 F. Supp. at 806. The distinct departure rule states:

> [A]n employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than when there is a *distinct departure for a non-essential personal errand. Injuries incurred during such travel and while attending to the normal creature comforts and reasonably comprehended necessities, as distinguished from those incurred in the course of amusement ventures* are usually held to be compensable. Compensation in such areas is predicated on the premise that these acts do not take the employee out of the scope of employment because they are necessary to his health and comfort . . . and indirectly if not directly benefit the employer; that


such acts, therefore, are not in fact deviations from the course of employment.

Id. (quoting Doman, 111 So.2d at 271-72). Defendant claims that, pursuant to the distinct departure rule, it cannot be held vicariously liable under Florida law for the negligent driving of Ms. Tin Suryanti because she and Ms. Zainah were on "non-essential personal errands" when the accident occurred.

Plaintiff counters that the Court should rely on the standard defined in Garver v. Eastern Airlines, 553 So.2d 263 (Fla. 1st DCA 1990). In Garver, the court rejected the distinct departure rule in a workers' compensation case and instead held that:

> The proper test for deciding whether the injury of a worker, sent on business away from his or her home and suffered at a time when the worker is not actively engaged in the duties of employment, is compensable is to determine "[i]f the injury arises out of a risk which is reasonably incidental to the conditions and circumstances of the employment . . . ."

Id. at 267. Plaintiff argues that under the Garver standard, the employees' activities, such as driving in the locale, are compensable because they are reasonable activities incidental to their business trip.

In its reply, Defendant argues, citing ample case law, that the distinct departure rule in Doman has evolved into a "general legal principle" used by Florida courts to interpret employers' *respondeat superior* liability for negligence of an employee. Defendant argues that this Court should not rely on Garver because it has never been followed outside the context of workers' compensation cases.

This Court agrees that Garver is not controlling. Florida district courts have recognized the distinct departure rule as an established legal principle in Florida. Liberty Mutual, 813 F. Supp. at 808 (citing Eberhardy, 404 F. Supp. at 830). Garver, on the other hand, departs from an established rule in Florida only to rely on a rule developed by out-of-state courts. See Garver, 553

So.2d at 267 (citing numerous out-of-state courts that have applied its test to uphold compensability). Furthermore, Garver and cases applying Garver are distinguishable from this case because they concern an employee's entitlement to workers' compensation benefits for injuries incurred while engaged in business travel. See id. (involving a flight attendant seeking workers' compensation for an injury incurred while on a layover); Griffith v. Budget Rent-A-Car Sys., Inc., 692 So.2d 294 (Fla. 3d DCA 1997) (concerning whether an employee who was injured while traveling on business in a rental car provided by his company was covered by workers' compensation); Thompson v. Keller Founds., Inc., 883 So.2d 356 (Fla. 1st DCA 2004)(concerning workers' compensation benefits to a traveling construction worker who was injured in an accident during a business trip).   In this case it is Plaintiff, not the employee, who is seeking compensation for injuries, and there is no workers' compensation issue.  Therefore, this Court will apply the distinct departure rule defined in Doman rather than the standard defined in Garver to determine whether Mses. Tin Suryanti and Zainah were acting within the scope of their employment.

Under the distinct departure rule, Defendant is not vicariously liable if the accident occurred while Ms. Tin Suryanti made "a distinct departure for a non-essential personal errand." Doman, 111 So.2d at 271-72.  Defendant first claims that the act of renting the car was in and of itself a "distinct departure" because it was neither authorized nor reimbursed.  Defendant cites Hertz Corp. v. Ralph M. Parsons Co., 292 F. Supp. 108, 109-11 (M.D. Fla. 1968), in support of its argument that the fact that the rental car was neither authorized nor reimbursed weighs heavily against holding Bank Indonesia vicariously liable.  However, the court in Parsons merely stated that "[t]here is no evidence that [the defendant's employee] at the time of the accident had made any deviation from the business purpose of the trip, nor is there any evidence that he was in Florida for any purpose

other than to serve his employer." Id. at 110. Though the employee was authorized and reimbursed for the car rental, the court never specified that these facts were relevant to its decision that the employee was within the scope of his employment at the time of the accident. In fact, this Court is not aware of a Florida opinion that has specifically held that reimbursement and authorization of a rental car are important factors to consider when applying the distinct departure rule.

Defendant next claims that Ms. Tin Suryanti and Ms. Zainah were not within the scope of their employment at the time of the accident because they were on "non-essential personal errands." "Amusement ventures" are considered non-essential personal errands. Doman, 111 So.2d at 272. However, travel for the purpose of attending to "normal creature comforts" and "reasonably comprehended necessities" are usually not considered outside the scope of employment. Id. According to Ms. Zainah's declaration, the two used the car for their personal use on their free day. (Doc. No. 8-5 at 4 ¶ 9). They used the car to "explore Tampa, and go sightseeing." (Doc. No. 8-5 at 4 ¶ 9).

Sightseeing is not a "reasonably comprehended necessity." Cf. Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116, 121-23 (Fla. 1st DCA 1983)(discussing driving to the store to get groceries as a reasonably comprehended necessity). In fact, most recreational activities fall into the category of "amusement ventures." Liberty, 813 F. Supp. at 810. At the time of the accident, Ms. Tin Suryanti and Ms. Zainah were using the car for their own personal enjoyment. Therefore, applying the distinct departure rule, the accident did not occur while they were acting within the scope of their employment.

Plaintiff argues that the Court cannot rely on Ms. Zainah's declaration because it is vague and misleading. Plaintiff states that they were not driving around downtown near the airport as

9

claimed by Ms. Zainah because they were less than one mile from their hotel at the time of the accident.  Instead, Plaintiff speculates that they were driving downtown to plot their trip to the conference based upon Ms. Zainah's knowledge of the length of time to drive the distance between the hotel and the conference.

Plaintiff's arguments have no merit.  First, Ms. Zainah's declaration was not misleading. She clearly stated that they rented the car to go sightseeing.  (Doc. No. 8-5 at 4 ¶ 9).  At the time of the accident she stated that they were driving around downtown and near the airport.  Driving around is typically what sightseeing entails.  The fact that the accident occurred only a mile from their hotel is not inconsistent with their claim that they were sightseeing.  Second, Plaintiff's claim that they were plotting their trip to the conference at the time of the accident is pure speculation. The fact that Ms. Zainah knew how long it took to drive from the conference to the hotel, by itself, does not support Plaintiff's claim.

Plaintiff also suggests that Ms. Tin Suryanti and Ms. Zainah rented the car for more than one day.  As evidence, Plaintiff points out that Ms. Tin Suryanti's credit card statement shows a charge of $244.44 dollars for the car rental but the Hertz Claim Ticket states that the daily charge was $59.99.  This argument is unconvincing.  The Hertz rental receipt specifically states that the charges are for one day and that return of the car was required the following day, August 19, 2002.  (Doc. No. 8-5 at 13).  Though there is no evidence before the Court explaining why Ms. Suryanti's charges were so high,[1] there is similarly no proof that she rented the car for more than one day.  More

---

[1] Ms. Zainah testified that she is unaware of the reason for the remainder of the Hertz charges. (Doc. No. 16-2 at 2 ¶ 5). Defendant speculates in its Reply (Doc. No. 16) that the additional costs may be attributed to charges related to the accident, such as towing and damage to the car.

10

importantly, the length of time for which the car was rented is irrelevant to the Court's analysis as to whether Ms. Tin Suryanti was acting within the scope of her employment at the time of the accident.

Upon finding that Ms. Tin Suryanti was acting outside the scope of her employment, this Court finds that the tort exception to the FSIA does not apply to Defendant. Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Furthermore, because personal jurisdiction under the FSIA depends on the Court finding subject matter jurisdiction, the motion to dismiss for lack of personal jurisdiction is also granted.

### B. Jurisdictional Discovery on Immunity Claim

Plaintiff argues that Defendant's motion to dismiss is not ripe because he has not had the opportunity to conduct jurisdictional discovery on the claim of immunity under the FSIA. Defendant, on the other hand, has filed a Motion for a Protective Order (Doc. No. 17) seeking a protective order from Plaintiff's jurisdictional interrogatories, requests for production and requests for depositions. Defendant contends that this Court should not grant jurisdictional discovery because Plaintiff has failed to request discovery of facts crucial to the immunity determination. This Court agrees that Plaintiff has failed to allege any specific facts being sought through discovery that, if proven, would establish jurisdiction.

"[S]overeign immunity is an immunity from the burdens of becoming involved in any part of the litigation process, from pretrial wrangling to trial itself." United States v. Moats, 961 F.2d 1198, 1203 (5th Cir. 1992). The Court, therefore, must balance "between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." Arriba Ltd. v.

Petroleos Mexicanos, 962 F.2d 528, 534 (5th Cir. 1992).  Thus, "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination."  Id.; see also Kelly v. Syria Shell Petroleum Development, B.V., 213 F.3d 841, 849 (5th Cir. 2000).

Plaintiff seeks to prove that Defendant lacks sovereign immunity under the tort exception to the FSIA because Ms. Suryanti was acting within the scope of her employment during the time of the accident.  Therefore, the facts necessary to determine jurisdiction are the facts concerning what happened around the time of the accident, of which Ms. Tin Suryanti and Ms. Zainah have personal knowledge.  Instead, the majority of Plaintiff's discovery requests focus on facts surrounding the financial arrangements of the trip, Defendant's Travel Regulations, and Defendant's knowledge of Ms. Tin Suryanti and Ms. Zainah's activities.  All these requests seek information to support Plaintiff's rental car argument, i.e., that Defendant had in some way reimbursed them for or authorized them to take the rental car.  However, this Court has already determined that the authorization and financing of the rental car is irrelevant to the immunity determination, and the only relevant inquiry is whether Ms. Suryanti was on a "non-essential personal errand" at the time of the accident.

As to the remaining discovery requests, Plaintiff has failed to allege specific facts which, if shown true through discovery, would show that Ms. Tin Suryanti was acting within the scope of her employment.  See Kelly, 213 F.3d at 851-52.  For example, Plaintiff seeks statements of any witnesses and argues that these statements are relevant to whether Ms. Tin Suryanti and Ms. Zainah were in the course and scope of their employment at the time of the accident.  (Doc. No. 19 at 15).  Plaintiff has not alleged any specific facts that potential witness statements may yield

that would establish that Ms. Tin Suryanti was acting within the scope of her employment. Defendant has submitted the affidavit of Ms. Zainah that they were returning to the hotel after sightseeing at the time of the accident.  Plaintiff has offered no plausible reason to question Ms. Zainah's credibility.  Without a showing by Plaintiff of specific facts being sought that are directly related to the issue of whether Ms. Tin Suryanti was acting within the scope of her employment, the Court cannot find that permitting discovery in this case outweighs protecting a sovereign's claim to immunity from discovery.  Therefore, Plaintiff's request for jurisdictional discovery is denied and Defendant's Motion for a Protective Order (Doc. No. 17) is granted.

### C. Failure to Join a Necessary and Indispensable Party

As the Court lacks subject matter and personal jurisdiction over Defendant Bank Indonesia, it need not address Defendant's argument that, pursuant to Rule 12(b)(7), this Court should dismiss the action because Plaintiff failed to join Ms. Suryanti, a necessary and indispensable party under Federal Rule of Civil Procedure 19.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Bank Indonesia's Motion to Dismiss the Complaint (Doc. No. 8) is **GRANTED**.  The Complaint is dismissed as against Defendant Bank Indonesia.

(2) Defendant Bank Indonesia's Motion for a Protective Order (Doc. No. 17) is **GRANTED**.

**DONE and ORDERED** at Tampa, Florida, this 2nd day of May, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge